# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JEROME DALE FOLLET, SR., <br><br> Defendant. | CR 16-12-GF-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Jerome Dale Follet, Sr. (Follet) has been accused of violating the conditions of his supervised release. Follet admitted alleged violations 1, 2, 3, 4. Follet admitted alleged violation 5 in part, and denied alleged violation 5 in part. Follet admitted that he had committed the crime of Partner Family Member Assault in violation of the Fort Peck Tribal Code. Follet denied that he had Hindered Law Enforcement in violation of the Fort Peck Tribal Code. The government moved to dismiss the portion of alleged violation 5 that Follet denied. The Court granted the government's motion. Follet's supervised release should be revoked. Follet should be placed in custody for 5 months, with 16 months of supervised release to follow. Follet should receive credit for time served.

## II. Status

Follet pleaded guilty to Felony Child Abuse on March 17, 2016. (Doc. 20). The Court sentenced Follet to 24 months of custody, followed by 3 years of supervised release. (Doc. 27). Follet's current term of supervised release began on February 7, 2020. (Doc. 62 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Follet's supervised release on February 24, 2021. (Doc. 62). The Petition alleged that Follet had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to report for substance abuse treatment; 3) by failing to report for mental health treatment; 4) by consuming alcohol; and 5) by committing two other crimes.

**Initial appearance**

Follet appeared before the undersigned for his initial appearance on March 24, 2021. Follet was represented by counsel. Follet stated that he had read the petition and that he understood the allegations. Follet waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 24, 2021. Follet admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing; 2) by failing to report for substance abuse treatment; 3) by failing to report for mental health treatment; 4) by consuming alcohol; and 5) by committing the crime of Partner Family Member Assault. Follet denied that he had committed the crime of Hindering Law Enforcement. The government moved to dismiss the portion of alleged violation 5 that Follet denied. The Court granted the government's motion. The violations that Follet admitted are serious and warrant revocation of his supervised release.

Follet's violations are Grade C violations. Follet's criminal history category is I. Follet's underlying offense is a Class C felony. Follet could be incarcerated for up to 24 months. Follet could be ordered to remain on supervised release for up to 21 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Follet's supervised release should be revoked. Follet should be incarcerated for 5 months, with 16 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Follet should receive credit for time

3

served.

## IV. Conclusion

The Court informed Follet that the above sentence would be recommended to Judge Morris. The Court also informed Follet of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Follet that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Jerome Dale Follet, Sr. violated the conditions of his supervised release: by failing to report for substance abuse testing; by failing to report for substance abuse treatment; by failing to report for mental health treatment; by consuming alcohol; and by committing the crime of Partner Family Member Assault.

The Court **RECOMMENDS:**

> That the District Court revoke Follet's supervised release and commit Follet to the custody of the United States Bureau of Prisons for 5 months, with 16 months of supervised release to follow. Follet should receive credit for time served.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of March, 2021.

John Johnston
United States Magistrate Judge